IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| John G. Mendoza, | NO. C 09-03435 JW |
|         Petitioner, | **ORDER TO SHOW CAUSE RE: WRIT OF HABEAS CORPUS PETITION** |
|   v. | |
| John W. Haviland, | |
|         Respondent. | |

## I. INTRODUCTION

Petitioner, represented by counsel, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his detention at the California State Prison, Solano, in Vacaville, California. The Court orders Respondents to show cause why the petition should not be granted.

## II. BACKGROUND

According to the petition, on April 12, 2006, Petitioner and his friend and roommate, Ricky Hill ("Hill"), and Hill's girlfriend, Cassandra Hoefer ("Hoefer"), were drinking heavily with other friends. Joe Garcia ("Garcia"), Hoefer's ex-boyfriend, began sending disturbing text messages to her and her friends began replying. Hill and Garcia agreed to meet and engage in a physical fight. Petitioner discouraged the meeting but went along with Hill and Hoefer. As Garcia was about to punch Hill, Petitioner stepped in and began trading punches with Garcia. A knife fell to the ground between them, and Petitioner bent over to pick it up. As he stood back up, Garcia charged Petitioner and was stabbed. Petitioner yelled at him to go home. Garcia walked over to where Hoefer was

waiting in a car. As Hoefer hurried to get away, she accidentally ran over Garcia with her car. Garcia later died.

After pleading guilty to second degree murder, Petitioner was sentenced to 15-years-to-life. On August 21, 2007, Petitioner filed a timely notice of appeal to the California Court of Appeal and a writ of habeas corpus for ineffective assistance of counsel. The Court of Appeal denied the appeal, and, on November 30, 2007, denied the writ of habeas corpus without explanation. Petitioner filed a timely petition for review with the California Supreme Court, which was denied on July 30, 2008. On July 20, 2006, Petitioner timely filed this petition pursuant to 28 U.S.C. § 2254(d).

## III. DISCUSSION

### A. Standard of Review

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appear from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. Petitioner's Claim

Petitioner alleges that his trial counsel provided ineffective assistance of counsel by falsely representing to Petitioner that he would only serve seven years in prison if he pled guilty to second degree murder and by failing to adequately inform him when counsel learned that he would actually serve a minimum of 15 years. Liberally construed, Petitioner's claim appears cognizable under § 2254 and merits an answer from Respondents.

In light of Petitioner's claim, the Court orders Respondents to show cause why Petitioner's petition for a writ of habeas corpus should not be granted.

## IV. CONCLUSION

The Court ORDERS as follows:

1. The Clerk shall serve by mail a copy of this Order and the petition and all attachments upon Respondent and Respondent's attorneys, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on the Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

5. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondents by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's Orders in a timely

fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Dated:  August 11, 2009

_____
JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Ramiah Shanti Brien shanti@shantibrien.com

| | |
|---|---|
| **Dated:  August 11, 2009** | **Richard W. Wieking, Clerk** |
| | **By:    /s/ JW Chambers**<br>         **Elizabeth Garcia**<br>         **Courtroom Deputy** |